# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

BORISH JENKINS,                )
                               )
    Petitioner,            )
                               )
v.                             )  Case No. CV409-125
                               )
DONALD BARROW, Warden,         )
                               )
    Respondent.            )

## REPORT AND RECOMMENDATION

Borish Jenkins petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. In its previous Order, the Court questioned whether Jenkins was in custody. *See* doc. 4 at 1 (citing doc. 1 (§ 2254 petition filed August 10, 2009; doc. 3 ("I was released on August 13, 2009")); 28 U.S.C. § 2254(a) (a district court "shall entertain" a habeas petition "in behalf of a person *in custody* pursuant to the judgment of a State court. . . .") (emphasis added). Thus, the Court directed the Respondent to respond, and he has by moving to dismiss Jenkin's petition as moot. Doc. 9.

Jenkins is challenging his January 31, 2006 parole revocation on his underlying October 16, 2002 Chatham County, Georgia guilty plea

conviction for three counts of sale of a controlled substance, distribution of cocaine, and use of a communication facility for a violation of the Georgia Controlled Substances Act. Doc. 1 at 3-4; *see also* doc. 10-1. Shortly after exhausting his state remedies, he was released from confinement on that revocation. Doc. 9-1 at 2; *see also* doc. 11 (Jenkins does not dispute this); attach. 1 (Georgia Department of Corrections print-out showing he has been released).

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody*. . . . " *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quotes and cite omitted); *see also* 28 U.S.C. § 2241(c). Thus, district courts generally do not have jurisdiction to entertain petitions for habeas relief on fully expired sentences. *Maleng*, 490 U.S. at 490-91, 494. But Jenkins still has his 2002 sentence hanging over him, *see* attach. ("Max Possible Release Date 12/17/21") -- he is merely "out on parole."[1]

---

[1] In that regard,

> [a] prisoner need not be incarcerated to satisfy the custody requirement. Thus, in *Jones v. Cunningham*, the Supreme Court concluded that a habeas petitioner who had been placed on parole was still "in custody" under an unexpired sentence because of the restraints and conditions set forth in the parole order. 371 U.S. 236, 241-43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). The Court reasoned that despite his release from prison, the petitioner was still

2

Still, the state insists that he *only* challenges his parole revocation here, and since he is no longer confined on that, he is not in "*Maleng* custody." Doc. 9-1 at 6. The Court agrees. Jenkins's § 2254 petition does in fact confine his challenge to his parole revocation. Doc. 1 at 3. The issue thus changes from jurisdiction to mootness, and the burden to show no mootness falls upon Jenkins:

> A habeas petitioner who has been released from custody subsequent to his filing a 2254 petition must establish that his petition still presents a case or controversy under Article III, Section 2, of the United States Constitution and therefore is not moot. *Mattern v. Sec'y, Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir.2007) (*citing Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)).

*Sutton v. Secretary*, 2009 WL 377174 at * 1 (M.D. Fla. Feb 12, 2009); *Plato v. Morrissey*, 638 F.Supp.2d 338, 343 (W.D.N.Y. 2009). Since

---

required to report regularly to a parole officer, remain in a particular community, residence, and job, and refrain from certain activities. *Id.* at 242, 83 S.Ct. 373. Similarly, suspended or stayed sentences may satisfy the custody requirement; *see, e.g., McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir.1989); *Sammons v. Rodgers*, 785 F.2d 1343, 1345 (5th Cir.1986) (per curiam); as may commitment to a mental institution, and incarceration as the result of a civil contempt order. *See Duncan v. Walker*, 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

*Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009); *see also Maxwell v. Larkins*, 2010 WL 2680333, at * 3 (E.D. Mo. July 1, 2010) ("a petitioner whose sentence has expired is no longer 'in custody' for that conviction, even if it is used to enhance a current sentence."); ANN., *Modern Status of "In Custody" and Live–Controversy Requirements for Asserting Federal Habeas Corpus Challenge to Custody Pursuant to State Court Judgment*, 176 A.L.R. FED. 189 (2002).

3

Jenkins's parole can be revoked again and he can be re-confined on the original sentence, he still faces collateral consequences of his 2002 conviction. But his petition nevertheless is moot because with it he challenges only his 2006 revocation, for which he is not in custody.

Put another way, were this Court to conclude that his probation was wrongly revoked, his only remedy would be an order directing his release. Yet, he already *is* released. Because his case is moot, his § 2254 petition must be **DISMISSED WITH PREJUDICE.** *Cf., Williams v. Carter*, 253 F. App'x 914, 916 (11th Cir. 2007) (state prisoner's petition for writ of habeas corpus, challenging Alabama Department of Corrections' revocation of his good time credits on his sentence for robbery and attempted rape was moot, since defendant had completed serving the robbery and attempted rape sentence and had begun serving his life sentence for a murder conviction, and his general allegation that his miscalculated robbery sentence affected his classification, prison employment, and future parole classification was not a sufficient allegation of collateral consequences).

**SO REPORTED AND RECOMMENDED,** this 28th day of July, 2010.

4

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**